UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERPAUL D. SPENCER,

                Plaintiff,

v.                                     Case No. 16-cv-662-pp

EDWARD A. FLYNN, *et al.*,

                Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 51), DENYING PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT (DKT. NO. 56), DENYING PLAINTIFF'S REQUEST FOR STIPULATION EXTENDING TIME LIMITS (DKT. NO. 59), DENYING PLAINTIFF'S LETTER MOTION (DKT. NO. 61), DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 65), DENYING WITHOUT PREJUDICE PLAINTIFF'S SUPPLEMENTAL MOTION TO APPOINT COUNSEL (DKT. NO. 66), DENYING AS MOOT PLAINTIFF'S LETTER MOTION (DKT. NO. 67), DENYING AS MOOT DEFENDANTS' MOTION REGARDING PLAINTIFF'S IMPROPERLY TITLED MOTIONS (DKT. NO. 68), GRANTING DEFENDANTS' MOTION FOR EXTENSION OF DEADLINE TO FILE DISPOSITIVE MOTIONS (DKT. NO. 69), GRANTING PLAINTIFF'S MOTION FOR ORDER TO WAIVE FEES AND RULE ON PENDING MOTIONS (DKT. NO. 70), DIRECTING DEFENDANTS TO PRODUCE ALL DOCUMENTS IDENTIFIED IN THEIR RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS WITHIN FOURTEEN DAYS, DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS WITHIN THIRTY DAYS, AND DIRECTING THE PARTIES TO FILE DISPOSITIVE MOTIONS, TOGETHER WITH SUPPORTING MATERIALS, ON OR BEFORE MAY 25, 2018**

---

On August 23, 2016, District Judge Charles N. Clevert, Jr. granted the plaintiff's motion for leave to proceed without prepayment of the filing fee, and allowed the plaintiff to proceed on his Fourth Amendment claims regarding warrantless searches and a possible City of Milwaukee policy or custom of

1

allowing, or at least encouraging, illegal searches and seizures. Dkt. No. 13 at 6. Defendant Milwaukee Police Department responded to the complaint by filing a motion to dismiss. Dkt. No. 22. All of the defendants answered the complaint. Dkt. No. 24. Judge Clevert denied as moot the Milwaukee Police Department's motion, dkt. no. 26, and entered a scheduling order, dkt. 27. On January 26, 2017, Judge Clevert entered a series of text-only orders resolving outstanding motions and extending the discovery deadline until April 1, 2017, and the dispositive motion deadline until May 1, 2017. On March 15, 2017, the case was reassigned to this court, due to Judge Clevert's impeding retirement.

Since then, the parties have filed a number of motions, letters and requests. Despite the fact that the case had been reassigned to this court, the court did not respond to any of those documents, with the consequence that there is something of a tangle of requests and responses. The responsibility for the delay rests squarely with the court, and the court extends its apologies to the parties for that delay. The court will attempt, in this order, to untangle the knot and start the case moving forward again.

### I.     Plaintiff's Motion to Compel (Dkt. No. 51)

On February 10, 2017, the plaintiff filed a motion to compel, alleging that the defendants had not served timely responses to his first set of interrogatories and requests for production of documents. Dkt. No. 51. He stated that he'd made the demands on December 22 and 23, 2016, but that he had not received responses as of the date on his motion (February 9, 2017). Id. In opposition, the defendants argued that while the plaintiff had not tried to

2

meet and confer prior to filing the motion—as required by Fed. R. Civ. P. 37(a) and Civil L.R. 37 (E.D. Wis.)—they would send out their responses on March 6, 2017. Dkt. No. 54.

The defendants were correct that under the court's local rules, a party must try to work things out with the other side before filing a motion to compel; a plaintiff who is in custody can make that effort by sending a letter to opposing counsel. The plaintiff provided no proof that he did that, and under normal circumstances, that would be a reason for the court to deny a motion to compel.

Here, however, the defendants have filed a couple of pleadings, indicating that they have provided the plaintiff with the discovery he requested. They noted this in a motion they filed on April 27, 2017. Dkt. No. 68 at 2. They explained it in more detail in a response they filed on August 24, 2017, indicating that they had received the plaintiff's December 2016 discovery demands on December 27, 2016. Dkt. No. 71 at 1. They stated that they tried to gather all the information he requested within thirty days, but they couldn't accomplish that task. Id. They indicate that they told the plaintiff at his January 27, 2017 deposition that they were working on the responses, but that they needed more time. Id. They concede that, in getting him the responses on March 6, 2017, they were late in complying with his request. Id. at 1-2. They indicated, however, that they did provide him the materials he requested, albeit thirty-eight days after the due date. Id. at 2.

meet and confer prior to filing the motion—as required by Fed. R. Civ. P. 37(a) and Civil L.R. 37 (E.D. Wis.)—they would send out their responses on March 6, 2017. Dkt. No. 54.

The defendants were correct that under the court's local rules, a party must try to work things out with the other side before filing a motion to compel; a plaintiff who is in custody can make that effort by sending a letter to opposing counsel. The plaintiff provided no proof that he did that, and under normal circumstances, that would be a reason for the court to deny a motion to compel.

Here, however, the defendants have filed a couple of pleadings, indicating that they have provided the plaintiff with the discovery he requested. They noted this in a motion they filed on April 27, 2017. Dkt. No. 68 at 2. They explained it in more detail in a response they filed on August 24, 2017, indicating that they had received the plaintiff's December 2016 discovery demands on December 27, 2016. Dkt. No. 71 at 1. They stated that they tried to gather all the information he requested within thirty days, but they couldn't accomplish that task. Id. They indicate that they told the plaintiff at his January 27, 2017 deposition that they were working on the responses, but that they needed more time. Id. They concede that, in getting him the responses on March 6, 2017, they were late in complying with his request. Id. at 1-2. They indicated, however, that they did provide him the materials he requested, albeit thirty-eight days after the due date. Id. at 2.

meet and confer prior to filing the motion—as required by Fed. R. Civ. P. 37(a) and Civil L.R. 37 (E.D. Wis.)—they would send out their responses on March 6, 2017. Dkt. No. 54.

The defendants were correct that under the court's local rules, a party must try to work things out with the other side before filing a motion to compel; a plaintiff who is in custody can make that effort by sending a letter to opposing counsel. The plaintiff provided no proof that he did that, and under normal circumstances, that would be a reason for the court to deny a motion to compel.

Here, however, the defendants have filed a couple of pleadings, indicating that they have provided the plaintiff with the discovery he requested. They noted this in a motion they filed on April 27, 2017. Dkt. No. 68 at 2. They explained it in more detail in a response they filed on August 24, 2017, indicating that they had received the plaintiff's December 2016 discovery demands on December 27, 2016. Dkt. No. 71 at 1. They stated that they tried to gather all the information he requested within thirty days, but they couldn't accomplish that task. Id. They indicate that they told the plaintiff at his January 27, 2017 deposition that they were working on the responses, but that they needed more time. Id. They concede that, in getting him the responses on March 6, 2017, they were late in complying with his request. Id. at 1-2. They indicated, however, that they did provide him the materials he requested, albeit thirty-eight days after the due date. Id. at 2.

Because the defendants have responded to the plaintiff's December 2016 discovery requests, the court will deny this motion as moot.

### II. Plaintiff's Motion to Request Clerk to Enter Default (Dkt. No. 56)

On March 6, 2017, the clerk's office received a motion from the plaintiff, asking that the clerk enter default against the defendants. Dkt. No. 56. The basis for this motion was the plaintiff's assertion that the defendants had not provided him with the discovery materials he'd requested in December 2016. (The court notes that the plaintiff filed this motion on the date that the defendants had said they'd provide him with the discovery.) The plaintiff also asked the court to require the defendants to pay him $750 as fees, costs and expenses of obtaining the order. Id. at 2.

The defendants opposed the plaintiff's motion. Dkt. No. 60. They first argued that the plaintiff had not established default. Id. at 1-2. They also argued that the plaintiff was not entitled to payment of $750, because he had not complied with the meet-and-confer requirement before filing the motion, and because they'd provided the discovery and the plaintiff had not proved that he'd incurred $750 in costs. Id. at 2.

Rule 55(a) of the Federal Rules of Civil Procedure requires the clerk of court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit of otherwise." A plaintiff may seek default under Rule 55(a) when the defendant does not *plead*—that is, when a defendant either fails to

4

file an answer to the complaint, or files to file some other kind of defense or response to the lawsuit.

The court understands that because the plaintiff is not a lawyer, he may not understand the difference between *pleading*—responding to the filing of a lawsuit—and providing discovery. In the context of Rule 55(a), to "plead" means to answer or respond to the complaint. Here, the defendants did plead—the City filed a motion to dismiss (which is an acceptable response to a complaint), and all of the defendants answered (which is the most traditional pleading in response to a complaint). The remedy for a plaintiff who has not received discovery is not default. The remedy is for the plaintiff to meet and confer with the other side, and if that fails, to file a motion to compel.

There is no basis for the clerk to enter default. The court will deny the plaintiff's motion for default.

### III. Plaintiff's Request for Stipulation for Extending Time Limits for Discovery (Dkt. No. 59)

On March 23, 2017, the court received a motion from the plaintiff (which he dated March 20, 2017), asking the court to extend the deadline for completing discovery (which Judge Clevert had set for April 1, 2017). Dkt. No. 59. He explained that he hadn't received the discovery he'd requested in December 2016 until March 6, 2017, and that that left him with little time to amend his discovery requests or rebut. He asked for an additional nineteen days to complete discovery. Id.

Obviously, had the court seen this motion at the time the plaintiff filed it, it could have taken action to avoid much of the docket activity that has ensued

5

since. The court did not act timely on the plaintiff's motion, and it should have. The court will try to remedy that here. The court will deny this motion—the plaintiff has filed three sets of discovery demands—but will extend the deadline for the defendants to respond to all of his requests.

**IV.     Plaintiff's Letter Motion for Order (Dkt. No. 61)**

On March 27, 2017, the court received a letter from the plaintiff, in which he described the difficulties he had been having conducting discovery as a *pro se* prisoner. Dkt. No. 61. He reiterated that he hadn't received the responses to his December 2016 discovery requests until March 6, 2017, but added that when he received the responses, the defendants told him that he would have to make a prepayment of approximately $90.00 before they would send him 161 responsive documents and two CDs. Id. The plaintiff said that in the alternative, the defendants had offered to let him go to defense counsel's office to inspect the discovery, which would be impossible for the plaintiff because he is incarcerated. Id. He explained that he was indigent, and could not afford to pay the fees defense counsel had demanded. Id. The plaintiff also reported that he had tried to gather his medical records from the Milwaukee County Jail, but that he could not pay the $35.85 prepayment the jail requested. Id. The plaintiff asked the court to give him an order or a letter that he could give the prison as proof that he needed access to a telephone that would record, so that he could conduct telephone depositions. Id. Finally, he asked the court to waive the fees associated with obtaining the discovery. Id.

The court will deny the plaintiff's letter motion for an order to give to the prison. The plaintiff has sought, and received, some discovery materials from the defendants, which should give him some of the information he could have obtained in discovery. At the end of this order, the court will direct the defendants to provide the plaintiff with additional materials. As for depositions, the burden of arranging for depositions, getting them recorded and paying the costs of the deposition rests with the party seeking the deposition. See Fed. R. Civ. P. 30(b). The court will not order the prison to bear the burden of those costs. Most incarcerated plaintiffs are able to obtain the information they need through written discovery, and the court will not order the prison to bear the cost of the plaintiff conducting depositions.

As for the plaintiff's request for a waiver of the fees the defendants have demanded, the court will address that request below.

### V.	Defendants' March 30, 2017 Letter (Dkt. No. 63)

On the court's web site, it has posted practice tips for lawyers. www.wied.uscourts.gov. Section II(F) of those procedures advises lawyers that if they want the court to do something, they should file motions or notices, not letters.

Nonetheless, on March 30, 2017, the court received a letter from counsel for the defendants. Dkt. No. 63. Counsel stated that the letter was "in response to Plaintiff's letter dated March 23, 2017 and his request for stipulation extending time limits for discovery." Id. at 1. Counsel stated that although she was sympathetic to the fact that the plaintiff was indigent, the defendants were

7

not obligated to give him his discovery free of charge. Id. She indicated that there was nothing "stopping him from sending a member of his family or a friend to look over the documents for him." Id. She asserted that the plaintiff could obtain some of the documents "directly from the source." Id. She stated that in an effort to be understanding, she had offered to copy the documents the plaintiff requested at a fee of $0.25 per page. Id. She indicated that the defendants "vigorously oppose[d]" any characterization of the defendants as being evasive or prolonging discovery. Id. In turn, she characterized the plaintiff's discovery requests as overly broad and burdensome, argued that the plaintiff had not signed releases until the court ordered him to do so in late January 2017, and asserted that any delays were the plaintiff's fault. Id. at 1-2.

Defense counsel also objected "to Plaintiff's third request for production as untimely." Id. at 2. While apparently acknowledging that the plaintiff had tried to ask the court to extend the discovery deadline, counsel nonetheless argued that the plaintiff had mailed the third request on March 20 and that the defendants had not received it until March 24, under the April 1, 2017 discovery deadline. Id. She stated, "Defendants ask the Court to strike the request, or alternatively, to grant Plaintiff's incorrectly titled motion for an extension of the discovery deadline." Id. Finally, counsel asked the court to set a status conference at its earliest convenience. Id.

The court will address the points raised in this letter in relation to other motions below. It notes only that this letter is the first mention of the plaintiff having made a third discovery demand.

8

## VI. Plaintiff's Motion to Compel Discovery (Dkt. No. 65)

On March 31, 2017, the court received from the plaintiff a second motion to compel. Dkt. No. 65. The plaintiff indicated that he'd served a second set of discovery demands on the defendants on February 13, 2017, but that the defendants had not timely responded. Id. at 1. He said that he attempted to meet and confer with the defendants by sending a letter asking them to respond to his discovery requests. Id. He asked the court require the defendants to pay him $750 in fees and costs. Id. at 2.

The court accepts the plaintiff's assertion that this time, he did comply with the court's meet-and-confer requirements. In the pleading filed April 27, 2017, however, the defendants indicated that they had responded to the plaintiff's second set of discovery demands. Dkt. No. 68 at 2. The plaintiff also conceded, in an April 24, 2017 letter to the court, that the defendants had responded to the request (although he noted that he received the information only a week before the April 1, 2017 discovery deadline). Dkt. No. 67 at 2. Because the plaintiff now has received responses to his second set of discovery demands, the court will deny this motion as moot.

## VII. Plaintiff's Supplemental Motion to Appoint Counsel (Dkt. No. 66)

On March 31, 2017, the court received the plaintiff's supplemental motion to appoint counsel. Dkt. No. 66. He noted that the court had denied his first motion, and explained that he'd been unsuccessful since then in retaining a lawyer on his own. Id. at 1. He reiterated the problems he'd had getting his discovery on time. Id. He discussed the fact that the defendants had objected to

9

many of his requests, had suggested he could obtain some materials through public records requests, and had made unreasonable demands that he come and review the documents at defense counsel's offices or pay for records. Id. at 2. He reiterated that his case is legally and factually complex, and argues that it is possible his case should be joined with other cases involving similar issues. Id. at 3. For all of these reasons, he asks the court to appoint counsel to represent him.

A court in a civil case has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, the person has to make a reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). The plaintiff has done that, dkt. no. 66-1, which means that the court must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The court finds that the plaintiff has satisfied the first Pruitt factor—he has submitted proof that he tried, unsuccessfully, to find a lawyer on his own. Nonetheless, the court will deny the plaintiff's supplemental motion to appoint counsel without prejudice. The court does not have funds to pay lawyers to

represent plaintiffs in civil cases (unlike it does in criminal cases, where the Constitution mandates that the defendants be represented by counsel). Most inmates who file lawsuits have no legal training and little money, and most ask the court to appoint counsel to represent them. There are not enough volunteer lawyers to represent everyone who asks for one. This is why the court must carefully consider whether, at each stage of the case, a plaintiff has the ability to present his arguments on his own.

The plaintiff has presented his claims and legal issues to the court clearly and concisely; his motions and letters are easy to understand. He has effectively used the discovery process to obtain information relevant to his claims. The next step in the process is for him to decide whether to file a motion for summary judgment, and prepare a response to the defendants' motion for summary judgment, if they file one. If any of the plaintiff's claims survive summary judgment, the court will be willing to entertain another motion asking the court to recruit *pro bono* counsel to represent the plaintiff.

### VIII. Plaintiff's Letter Motion to Waive Fees and Extend Discovery Deadline (Dkt. No. 67)

On April 25, 2017, the court received a letter from the plaintiff. Dkt. No. 67. The plaintiff referred the court again to the fact that the defendants had offered him the opportunity to view discovery at defense counsel's offices; he made clear that he wished to see the materials at the prison, and at no cost to himself. Id. at 1. He argued that the defendants' offer to let him inspect the discovery in Milwaukee was unreasonable, given his status as an inmate. Id. He also argued that their suggestion that a "representative," friend or family

member could come inspect the documents was unreasonable, as well; he does not have a representative, and neither friends nor family would know what to look for. Id. He asked the court (again) to either waive the fees the defendants demanded, or allow him to pay them once the case is over. Id. at 2.

The plaintiff also noted that the defendants had asked the court to strike his third discovery requests as untimely. Id. He argued that the defendants had been late in responding to his first and second discovery requests, leaving him only a very short period of time to seek any additional documents; in essence, he argued that the defendants had caused the time shortage of which they complained. Id. Finally, he asked the court to rule on all of his pending motions. Id.

The court will address the plaintiff's request for fee waiver below. It also will, as it has indicated, extend the deadline for the defendants to respond to the plaintiff's discovery demands.

### IX. Defendants' Motion Regarding Plaintiff's Improperly Titled Motions (Dkt. No. 68)

On April 27, 2017, the defendants filed a motion. Dkt. No. 68. They noted that the plaintiff had filed a number of requests and letters, as well as the motions the court discussed above. Id. at 1-2. Ironically, despite having sent the court a letter themselves on March 30 (dkt. no. 63), they speculate that the plaintiff might have filed several letters because he appeared to be unaware of the court's practice tips for lawyers. Id. at 1. They indicated that they were bringing the motion "in an effort to highlight the outstanding issues;" in other words, to remind the court that there were motions pending. Id. They

explained that they had responded to two of the plaintiff's three sets of discovery demands, and asserted again that he hadn't filed his third set in time to give them the ability to respond before the April 1, 2017 discovery deadline. Id. at 2. They asked that the court either strike the plaintiff's third request for production, or construe it as a motion to extend the discovery deadline and grant it. Id. They also asked the court to schedule a status conference to discuss the pending issues. Id. Finally, they asked the court to deny the plaintiff's request for entry of default, deny the motions to compel, and extend the discovery deadline. Id. at 2-3.

The court already has denied the plaintiff's request for entry of default and his motions to compel. The court will deny the defendants' motion to strike the plaintiff's third set of discovery requests. The court will, as it has indicated above, extend the discovery deadline, and the dispositive motions deadline.

### X.     Defendant's Civil L. R. 7(h) Motion for Extension of Deadline to File Dispositive Motions (Dkt. No. 69)

The defendants reiterate in this motion their reminders to the court that there were a number of outstanding motions pending. Dkt. No. 69 at 1. They asked the court to rule on those motions, and to extend the deadlines for filing dipositive motions. Id. at 2. The court advises the defendants that the local rule allowing expedited non-dispositive motion practice "do[es] not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se." Civil L.R. 7(h)(3). Nevertheless, the court finds good cause to extend the deadline for filing dispositive motions. The court will grant this motion and set a deadline for the parties to file motions for summary judgment.

### XI. Plaintiff's Supplemental Motion for Discovery Disclosure and Fees (Dkt. No. 70)

On August 3, 2017, the court received this motion from the plaintiff. Dkt. No. 70. He reiterates in the motion all the issues he previously had raised regarding discovery, including the fees the defendants had told him he must pay and his arguments regarding the unreasonableness of their requests. Id. at 1-3. He again asked the court to waive the fees, or to allow him to pay them at the end of the case. Id. at 4. He reiterated that it wasn't his fault that his third discovery requests were served when they were, and asked the court to order the defendants to respond to those requests. Id. Finally, he again asked the court to rule on all the prior motions. Id. The plaintiff attached to the motion a chart prepared by the defendants that shows a cost of $469.25, plus tax and shipping, if plaintiff obtains his medical records, the documents he has requested, and the deposition transcripts from the City of Milwaukee. Dkt. No. 70-1. The chart shows that the City of Milwaukee has paid $2,422.82 to obtain these documents, though the court notes that the vast majority of that is the $1,865.15 it incurred deposing the plaintiff on two separate dates. Id. The defendants' calculations are based on a $0.25 per page copy cost. Id.

The defendants responded to the motion, reiterating everything they'd said in their previous letter and filings. Dkt. No. 71. They ask the court to deny the motion to waive fees, to strike the third set of discovery demands or extend the deadline for responding to them, and grant their motion to extend the dispositive motions deadline. Id. at 5.

The court is somewhat taken aback by the defendants' arguments that they are justified in requiring the plaintiff to pay for photocopies of the documents he requested in discovery. The defendants frequently face litigation from indigent, incarcerated plaintiffs who do not have the funds to pay for discovery the way parties in traditional civil litigation do. The defendants' refusal to provide the plaintiff with documents responsive to legitimate discovery requests without prepayment is unreasonable, and ignores the reality of inmate civil rights litigation under §1983.

It is also unreasonable, if not disingenuous, for the defendants to offer the plaintiff the option of coming to its Milwaukee offices to view discovery. The plaintiff accurately points out that he is not free to travel to Milwaukee, and does not have a "representative," whatever the defendants mean by that. The court agrees with the plaintiff that the defendants' suggestion that he send a friend or family member to review the discovery for him makes no sense, and furthermore, the court finds that that suggestion violates the letter and spirit of the statutes and rules governing discovery. The law requires *parties* to provide discovery to *parties*, not to their friends, or their families. The defendants are required to provide discovery *to the plaintiff*.

The court will grant the plaintiff's motion for waiver of the fees demanded by the defendants. The court will require the defendants to produce to the plaintiff free of charge the documents identified in the defendants' responses to the plaintiff's first and second requests for production of documents. In his letters, the plaintiff reasonably indicates that he is willing to accept the

documents on a CD, which would enable him to view them at the prison without the defendants incurring the cost of copying hundreds of pages. The court will allow defendants to produce whatever documents they are able to produce on CD. The defendants must produce on paper any documents that they are unable to put on CDs, and they must produce those documents to the plaintiff free of charge. The only exception the court will make to this order is for the deposition transcripts, which are the property of the court reporter. The defendants cannot copy those for the plaintiff. The defendants shall produce all documents other than the transcripts within fourteen (14) days of this order.

As the court indicated, it will deny the defendants' motion to strike the plaintiff's third set of discovery requests. The court agrees with the plaintiff that it is somewhat ironic that the defendants continue to insist that his third request was untimely. The defendants' responses to the plaintiff's first set of discovery demands were due somewhere around January 26 or 27, 2017. The defendants did not provide the plaintiff with those documents until March 6, 2017—over a month late—and the defendants appear to have expected the plaintiff to accept that without complaint. Meanwhile, the plaintiff issued a second set of discovery demands; he indicates that the defendants were late in responding to those, as well. He appears to have issued his third request for production only after he'd reviewed the documents the defendants had provided (and after he'd been told repeatedly that they would not produce certain responsive documents unless he paid). And he asked the court to

16

extend the discovery deadline—it was not his fault, and not for lack of trying, that the court did not timely respond.

The defendants have asserted that the plaintiff's discovery demands are overbroad and burdensome. The court will give the defendants a mechanism for dealing with any demands they feel they cannot meet. The defendants may contact the court's staff by telephone, and ask the court to schedule a telephone conference. The court understands that the defendants suggested this in some of their filings. In the future, until the discovery is completed in this case, the court offers the defendants the option of calling chambers, and asking the court to set up a telephone conference. The court then will contact the defendant's institution and arrange for a call, if that is what is necessary to make sure that the defendants are able to comply with the plaintiff's requests.

The court will order the defendants to respond to the plaintiff's third request for production of documents within thirty (30) days of this order, and to produce all responsive documents free of charge.

To be clear to all parties: the court is not reopening discovery. The parties may not serve any new discovery demands. The court is extending the deadline for the defendants to respond to the demands the plaintiff already has made.

### XII. Conclusion

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 51.

The court **DENIES** the plaintiff's request for Clerk's Entry of Default. Dkt. No. 56.

The court **DENIES** the plaintiff's request for a stipulation extending time limits. Dkt. No. 59.

The court **DENIES** the plaintiff's letter request for an order, to the extent that he asks the court to order the prison to let him conduct depositions by telephone. Dkt. No. 61.

The court **DENIES** the plaintiff's second motion to compel. Dkt. No. 65.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's supplemental motion to appoint counsel. Dkt. No. 66.

The court **DENIES AS MOOT** the plaintiff's letter motion. Dkt. No. 67.

The court **DENIES AS MOOT** the defendants' motion regarding plaintiff's improperly titled motions. Dkt. No. 68.

The court **GRANTS** the defendants' motion for extension of the deadline for filing dispositive motions. Dkt. No. 69.

The court **GRANTS** the plaintiff's motion for order to waive fees and rule on pending motions. Dkt. No. 70.

The court **ORDERS** that, within fourteen (14) days of this order, the defendants shall produce to the plaintiff all of the documents identified in their responses to the plaintiff's first and second requests for production of documents, with the exception of deposition transcripts. The defendants shall produce these documents without charging the plaintiff for photocopies or postage or any other fee. The defendants may produce some or all of these documents on CDs for the plaintiff to view them electronically.

The court **ORDERS** that, within thirty (30) days of this order, the defendants shall serve the plaintiff with responses to the plaintiff's third set of requests for production of documents. The defendants shall provide these documents free of charge.

The court **ORDERS** that any party wishing to file dispositive motions shall do so by the end of the day on **May 25, 2018**. Responses to dispositive motions are due within thirty (30) days of service of the motion, under Judge Clevert's October 26, 2016 scheduling order. Dkt. No. 27.

Dated in Milwaukee, Wisconsin this 7th day of March, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**