UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JerPaul D. Spencer,
　　　Plaintiff,
v.　　　　　　　　　　　　　　　Case No. 16-CV-662
ED FLYNN, et. al,
　　　Defendants,

## Plaintiff Motion to Reopen Discovery for Certain Rebuttal Discovery

Now Comes the Plaintiff, JerPaul D. Spencer, Pro Se hereby moves this Court pursuant to Fed. R. Civ. P. 16(b)(4) for an Order modifying the Scheduling order to reopen discovery for certain rebuttal discovery.

Plaintiff seeks to reopen discovery in this action to obtain certain rebuttal discovery:

1.) Production of all (Yellow FI Cards - Form PF-4) for Plaintiff written by any officers in District 5 from 2009-2016.

2.) Production of all Supervisors approval of Strip Searches, body Cavity Searches, And Hospital Placement for the Plaintiff from 2009-2011.

3.) Production of all documents that relate to the Defendants training or Re-training on Stop and frisk, strip searches, body cavity searches, use of force, and Feild Interviews.

4.) Production of all Performance evaluations for the defendants for there entire employment with the Milwaukee police Dept.

# Additional Interrogatory for Michael Valuch

1.) To any Extent not already Provided in Response to Interrogatory # 18, In Plaintiff first discovery request. Please Identify What Sub Section the defendant followed.

The Court ordered the Defendants to Provided the Plaintiff with Copies of the Documents of their responses to the Plaintiff's first and Second Discovery request in the Mar 7th, 2018 order, (Dkt. No. 74 at 15). The Court Also ordered the Defendants to respond to the plaintiff's third Discovery request Within 30 days of the Mar. 7th, 2018 order, An Provide the Plaintiff With a Copy of there responses, (Dkt. No. 74 at 17), All Free of Charge.

The Plaintiff after reviewing all of the Documents Produced by the Defendants responses learned the Identity of other Pertinent Discovery. Which Would Be relevant to Support an Prove the Plaintiffs Claims. The Identity of the Said Discovery would not have been uncovered With out the discovery Process.

## ARGUMENTS

Plaintiff has been Proceeding, Pro Se in this action. Plaintiff has no Civil litigation knowledge, An have Conducted all discovery Pro Se. Plaintiff's lack of Civil law, An lack of knowledge of Milw. Police dept's Specific Protocals and documents have made Conducting discovery burdensome for the Plaintiff.

Due to the Plaintiff's Discovery disputes with the defendants on providing, An obtaining Copies of responses from the first, Second, and third discovery the plaintiff was offered no time to rebuttal all discovery If necessary. So the Plaintiff wasn't offered the full effect of the discovery Process

2

Pursuant to Fed. R. Civ. P. 26 (b)(1) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any Party's Claim or defense, and for good Cause, the Court May order discovery of any matter relevant to Subject matter involved in the action."

A Schedule maybe modified only for good cause and with the Judges Consent Fed. R. Civ. P. 16 (b)(3). This Standard "Primarily Considers the diligence of the Party Seeking the Amendment," Johnson V. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

However, there are a number of other factors that may be Considered Such as:
 1) The foreseeability of the need for additional discovery in light of the time allowed for discovery by the district Court, and 2) The likelihood that the discovery will lead to relevant evidence.

A Municipality inadequate training or Supervision of its employee's if the failure to train amounts to a Custom of the Municipality. However, failure to train Claims also must meet precise and demanding legal Criteria. Such a failure must "amount to deliberate indifference to the Constitutional rights of Persons with whom the Police Come in Contact." Colburn, 946 F.2d at 1028 (Citing City of Canton V. Harris, 489 U.S. 378, 388 (1989).

A Municipality can be held liable on the basis of failure to train when that failure amounts to deliberate indifference of the Constitutional rights of Person. Wolosyn V. County of Lawerence, 396 F.3d 314, 324 (3rd Cir. 2005).

Courts have repeatedly found that police Personnel files and documents, including Periodic Performance evaluations, Commendations, discipline, and training records, are relevant and discoverable in actions brought under Section 1983. Green V. Baca, 226 F.R.D. 624, 644 (C.D. Cal. 2005).

3

The relevance of the evidence to be uncovered by the discovery sought is pivotal here. Plaintiff further argues that Plaintiff is entitled to this discovery since any evidence of the defendants training, discipline, and performance evaluations, along with any supervisor approval for strip searches, and body cavity searches will support the plaintiff claims that the Milwaukee Police dept. failed to train, discipline, and supervise it's officers. Which supports the Plaintiff's Monell Claim, and Fourth Amendment Illegal Searches and Seizure claims.

## RELIEF

WHEREFORE, the Plaintiff ask the Court to reopen discovery so the Plaintiff may obtain the above stated certain discovery material, who's identity was uncovered during the discovery process. Which is relevant and pertinent to the plaintiff claims.

Dated this 30th day of July, 2018

Respectfully Submitted,

*JerPaul D. Spencer*
JerPaul D. Spencer

JerPaul Spencer #506888
Green Bay Corr. Inst.
Po Box 19033
Green Bay, WI 54307