UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERPAUL D. SPENCER,

                Plaintiff,

v.                               Case No. 16-CV-662

CITY OF MILWAUKEE, ED FLYNN,
MICHAEL VAGNINI, JACOB KNIGHT,
JEFFREY CLINE, PAUL MARTINEZ,
GREGORY KUSPA, JESSE BUSSHARDT,
MICHAEL VALUCH, and KEITH GARLAND,

                Defendants.

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR CERTAIN REBUTTAL DISCOVERY**

Defendants, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorney Naomi E. Gehling, file this brief in opposition to Plaintiff's Motion to Reopen Discovery for Certain Rebuttal Discovery. (Docket #89). Plaintiff seeks to reopen discovery in an action that has been pending before this court for more than two years and which has received multiple discovery extensions already. Defendants object to any further extension of discovery in this matter for the following reasons and ask the Court to deny Plaintiff's motion.

## BACKGROUND

This case involves Plaintiff's claims against numerous MPD officers for illegal searches and seizures. Plaintiff brings a *Monell* claim against the City of

Milwaukee and former Chief Edward Flynn alleging a longstanding policy or custom of allowing illegal searches and seizures. Additionally, Plaintiff brings a claim against former Chief Flynn in his individual capacity for his own actions or inactions. (Screening Order, Docket #13 at 6). Plaintiff currently seeks to reopen discovery in order to obtain material of which he is already in possession and material he had an opportunity to ask for with his previous three requests for production but failed to do so.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1), which governs the general scope of discovery, allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. The 2015 amendments to Rule 26(b)(1) expressly reasserted the concept of "proportionality" in Rule 26(b)(1) by adding the following language to Rule 26(b)(1) requiring that discovery be:

> [P]roportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Further, the comments to the 2015 amendments indicate that the 2015 amendment of Rule 26(b)(1) adding the above language "restores the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections." Fed. R. Civ. P.

26(b)(1), Advisory Committee Notes, 2015 Amendment.

The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).

**DISCUSSION**

**I. Defendants have already turned over documentation responsive to two of Plaintiff's additional requests.**

Plaintiff requests the following information: "1.) Production of all (Yellow FI Cards- Forms PF-4) for Plaintiff written by any officer in District 5 from 2009-2011," and "2.) Production of all supervisors approval of strip searches, body cavity searches, and hospital placement for the Plaintiff from 2009-2011." The requested information, if it exists at all, has already been produced to Plaintiff in response to his second requests for production, Response No. 1, which Plaintiff acknowledged receipt of in his April 10, 2018 letter. Defendants produced all documents related to the events that form the basis for Plaintiff's complaint (MPD

3

JER00043-103) and all documents related to any additional incidents in which the MPD had contact with the Plaintiff (MPD JER00162-1030). If there were any field investigation cards completed for Plaintiff, those would have been entered into the record management system by a clerk and the subsequent report would have been included in the production. Any supervisor's approval of any strip or body cavity searches would likewise have been included, if any existed. However, the undersigned counsel notes that police officers do not need supervisory approval to bring a subject to the hospital, so no such approvals have been produced. Notation of the hospital visit would likely be noted in other reports, which were turned over.

Additionally, the timeframe for the requested information and documents is overbroad because it extends past the events at issue in this case. In order for a municipality to be liable for a *Monell* claim, the unconstitutional policy or practice must have actually caused the plaintiff's injury. *See Dixon v. Cty. of Cook,* 819 F.3d 343, 348 (7th Cir. 2016) (discussing that a *Monell* plaintiff must "demonstrate that the entity's official policy, widespread custom, or action by an official with policy-making authority was the "'moving force'" behind his constitutional injury"). Here, Plaintiff alleges that the City's illegal customs or policies caused him constitutional harm in June and July of 2011. (*See* Screening Order, Docket #13 at 3-4). As such, any police misconduct that occurred after July 2011 could not possibly have caused Plaintiff's injury, and all such misconduct complaints are therefore irrelevant to the issues in this case.

4

## II. Plaintiff had the opportunity to request the remaining information but failed to do so.

Although the scope of discovery is broad, the Seventh Circuit, however, has often warned that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971–72 (7th Cir. 1996). That is what Plaintiff is attempting to do here – further drag out his fishing expedition.

Although Plaintiff repeatedly claims that he is unable to properly conduct discovery because he is proceeding pro se in this matter, he has succeeded in arguing for the Court to allow him additional discovery, and even succeeded in requiring Defendants to produce all discovery to him at no cost. He has propounded three separate sets of discovery already, including personnel information for the individual defendants, which was produced. Defendants should not be further subject to discovery because Plaintiff forgot to ask for something that he had many opportunities to ask for but did not.

## III. Plaintiff's additional requests are irrelevant, and therefore, fail the proportionality test.

Furthermore, Plaintiff's request for training records regarding use of force an field interviews have nothing to do with the claims in this case. Courts have continually recognized the need to limit discovery to the *specific* information at issue in the case. *See Grayson v. Dewitt,* No. 1:15-CV-453, 2016 WL 5801699, at *6 (M.D. Pa. Oct. 5, 2016) (in context of *Monell* claim, court finding that "discovery should be tailored to the perceived deficiency in police training or conduct, in this case allegations of the use of excessive force"); *Centeno v. City of*

5

*Fresno*, No. 1:16-CV-653-DAD-SAB, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (limiting *Monell* discovery scope by finding "the use of force in using manual restraint is not sufficiently similar to be discoverable in this action which involves a police shooting"); *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *1, 5 (E.D. Cal. March 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints of non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Harbridge v. Yates*, 2015 WL 8213561, at *2 (E.D. Cal. Dec. 8, 2015) (request for discovery on demotion due to alleged sexual harassment has no relation to excessive force action).

For example, in *Grayson,* the plaintiff brought the following claims against defendant police officers: use of excessive force, failure to intervene and prevent the use of excessive force, supervisory and municipal liability. *Grayson*, 2016 WL 5801699, at *1. In ruling on a motion to compel, the court recognized that citizen complaints, internal affair investigations, and disciplinary findings have "some relevance to *Monell* claims if they reveal an endemic pattern or problem requiring municipal action." *Id.* at *6. However, the court expressly found that discovery should be tailored to the "perceived deficiency in police training or conduct" and that principles of proportionality required "topical limitations" pertaining to the specific issue of the case. *Id.*

Applying that logic here, Plaintiff's request is not proportional because it extends beyond the specific issues of this case. The request is not tailored to

6

information regarding illegal searches and seizures—the only issues in the case alleged to have caused Plaintiff injury. Plaintiff's request is essentially a fishing expedition to discover any instances of MPD misconduct that bear little relevance to the specific issues of this case.

## CONCLUSION

Plaintiff's discovery request is overbroad because it seeks largely irrelevant information and it is not proportional to the needs of this case. As such, the Court should deny the motion to compel.

Dated at Milwaukee, Wisconsin this 20th day of August, 2018.

>GRANT F. LANGLEY
>City Attorney
>
>
>s/ Naomi E. Gehling\_\_\_\_\_
>NAOMI E. GEHLING
>Assistant City Attorney
>State Bar No. 1061388
>800 City Hall
>200 East Wells Street
>Milwaukee, WI  53202
>(414) 286-2601
>Email:  ngehli@milwaukee.gov
>*Attorney for the Defendants*

1032-2016-1817:251858