UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Jerpaul D. Spencer,

      Plaintiff,

v.                     Case No. 16-C-0662

Ed Flynn, Michael Vagnini, Jacob Knight,
Jeffrey Kline [sic] Paul Martinez, Gregory Kuspa,
Jesse Busshardt, Michael Valuch,
and Keith Garland,

      Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO USE OTHER CASES [sic] DEPOSITIONS

NOW COMES Defendants Edward Flynn, Michael Vagnini, Jacob Knight, Jeffrey Cline, Paul Martinez, Gregory Kuspa, Jesse Busshardt, Michael Valuch and Keith Garland, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorney Naomi E. Gehling, and in response to the Plaintiff's Motion for Leave to Use Other Cases [sic] Depositions (ECF 90) respond as follows:

### BACKGROUND

This case involves Plaintiff's claims against numerous MPD officers for illegal searches and seizures. Plaintiff brings a *Monell* claim against the City of Milwaukee and former Chief Edward Flynn alleging a longstanding policy or custom of allowing illegal searches and seizures. Additionally, Plaintiff brings a claim against former Chief Flynn in his individual capacity for his own actions or inactions. (ECF 13 at 6).

During the discovery process, Plaintiff requested the production of "a copy of any and all despositions [sic] or statements conducted on any of the defendants in any other criminal or civil case." (*See* ECF 90-1 at 4-5). In response, Defendants objected to the request as overbroad, unduly burdensome, and irrelevant. Further, Defendants noted that they were advised that they cannot simply produce copies of any deposition transcripts as the transcripts remain the property of the court reporter.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1), which governs the general scope of discovery, allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. The 2015 amendments to Rule 26(b)(1) expressly reasserted the concept of "proportionality" in Rule 26(b)(1) by adding the following language to Rule 26(b)(1) requiring that discovery be:

> [P]roportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Further, the comments to the 2015 amendments indicate that the 2015 amendment of Rule 26(b)(1) adding the above language "restores the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections." Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes, 2015 Amendment.

The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v.*

2

*Chi. Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).

## DISCUSSION

### I. The Court Already Refused to Order the Production of Deposition Transcripts

In responding to Plaintiff's discovery request and his supplemental motion for discovery, Defendants noted that they were advised that they cannot simply produce copies of any deposition transcripts as the transcripts remain the property of the court reporter. In it March 7, 2018 Order, this Court appeared to agree with Defendants position (or mare accurately the court reporter's position) and refused to order Defendants to produce copies of Plaintiff's depositions. Nothing has changed since March, and Defendants have no more right to produce Gramann Reporting's property than they did then. For this reason alone, the Court should deny Plaintiff's current motion.

### II. The Federal Rules of Civil Procedure Do Not Support Plaintiff's Request

If the Court needs further bases to deny Plaintiff's motion, Fed. R. Civ. P. 26(b)(3)(c) allows a party to "obtain the ***person's own*** previous statement about the action or its subject matter." (Emphasis added.) The requested depositions are not

3

Plaintiff's own statements, and therefore, this rule's allowance in inapplicable to Plaintiff's request. Further, the depositions do not contain any statements about this action or the specific subject matter of this action.

Fed. R. Civ. P. 32(a)(8) states that a deposition "may be used in a later action involving ***the same subject matter between the same parties***, or their representatives or successors in interest, to the same extent as if taken in the later action." (Emphasis added.) The requested depositions are from actions that involve similar but not the same subject matter and those actions were not between the same parties as Plaintiff was not at all involved in those actions. As such, F.R.C.P. 32 (a)(8) is inapplicable to the instant action.

Finally, the deposition testimony regarding what happened in any of these previous cases would be inadmissible under Fed. R. Evid. 404(b), as Plaintiff would simply proffer them for impermissible propensity evidence. As such, the general allowance of the use of deposition transcripts by F.R.C.P. 32 is inapplicable in this case. Therefore, the Court should deny Plaintiff's motion.

**III.     Plaintiff's Requested Information is Not Discoverable Because the Request is Overbroad and Not Proportional to the Needs of This Case.**

Moreover, Plaintiff's request is overbroad and seeks information that is irrelevant to this case. Although the scope of discovery is broad, the Seventh Circuit, however, has often warned that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971–72 (7th Cir. 1996). Plaintiff has requested the "depositions of the defendants or other officers" from 11 previous cases. This includes more than 150 deposition transcripts – more than 30 being from the

4

defendant officers. Although Plaintiff will likely say that the requested information relates to the *Monell* claim for the City's alleged policy or practice of illegal searches or seizures, much of the deposition material relates to the specific searches involved in those cases; the officers' relationships with members of the community, including information on confidential informants, etc.; and other irrelevant/confidential information. Not only is this information irrelevant to his *Monell* claim, it cannot be used against the individual defendants for their conduct in this action. Moreover, most, if not all, of them are subject to protective orders limiting their access to the parties involved in those actions. Plaintiff would need to seek relief from all of those orders before he could have access to these transcripts. Additionally, entry into a protective order with Plaintiff will likely not actually provide the protection needed as he is unable to ensure that they will remain confidential in the prison setting (where some of those people mentioned or affected by the information given by those named may be housed alongside the Plaintiff).

Additionally, Plaintiff's requested information is not discoverable because it fails the proportionality requirement imposed by Federal Rule of Civil Procedure 26(b)(1). The central issues in this case are Plaintiff's claims for unconstitutional searches and seizures and the *Monell* claim that the City's alleged unconstitutional policies, customs, or practices caused those injuries. (*See* ECF 13 at 6). Defendants have already produced the case files for each of the individual named officers and former officers. As a result, the specific information contained in the requested depositions is related to the previous and completely uninvolved cases, and is not discoverable. Further, as mentioned above, Plaintiff's request is not proportional because it extends well beyond the specific issues of this case. Plaintiff's request is essentially a fishing expedition to discover any

5

instances of MPD misconduct that bear little relevance to the specific issues of this case. Finally, Plaintiff's request is not proportional because the burden of producing more than 150 transcripts outweighs its very minimal benefit.

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to Use Other Cases [sic] Depositions (ECF 90). Defendants do not intend to submit a supporting memorandum regarding their response to this motion.

Dated and signed at Milwaukee, Wisconsin this 22nd day of August, 2018.

GRANT F. LANGLEY
City Attorney


s/Naomi E, Gehling
NAOMI E. GEHLING
Assistant City Attorney
State Bar No. 1061388
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Email: ngehli@milwaukee.gov
*Attorneys for Defendants*


1032-2016-1817:251923