UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | June 13, 2019 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cv-662 |
| CASE NAME: | Jerpaul Spencer v. Edward A. Flynn, *et al.* |
| NATURE OF HEARING: | Scheduling Conference |
| APPEARANCES: | Nathaniel Cade – Attorney for the plaintiff |
| | Naomi Gehling – Attorney for the defendant |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 3:32 p.m. – 3:55 p.m. |
| HEARING: | January 23, 2020 at 9:30 a.m. |

## AUDIO OF THIS HEARING AT DKT. NO. 112

The court noted that it scheduled this hearing because counsel for the plaintiff had filed a motion to reopen discovery and set new scheduling dates. The court wanted to discuss scheduling before issuing an order. The court recounted that at the February 2019 hearing the court had told the parties that it was prepared to address the three pending motions—the plaintiff's *pro se* motion to compel discovery (Dkt. No. 78), the plaintiff's *pro se* motion to reopen discovery (Dkt. No. 89) and the plaintiff's motion for leave to use depositions from other cases (Dkt. No. 90). At that time, however, counsel for the plaintiff had proposed that the parties try mediation. The court noted that the mediation had not been successful; today, the court enquired whether counsel for the plaintiff wanted the court to rule on the motions (given that the plaintiff had filed them before he had the assistance of counsel) or whether counsel wanted to review (and possibly withdraw or supplement) those motions.

Counsel for the plaintiff indicated that the plaintiff's motion for leave to use depositions from other cases at Dkt. No. 90 was moot because the parties had worked out an agreement for use of the depositions. He indicated that the motion to reopen discovery at Dkt. No. 89 was mooted by the motion counsel had filed at Dkt. No. 110. As to the motion to compel at Dkt. No. 78, counsel indicated that he had not reviewed all the discovery the plaintiff had obtained when he was representing himself.

The court opined that the motion to compel raised some significant substantive arguments and that counsel may want to look closer at that motion. The court told the parties that it had a draft of an order ruling on that motion, but proposed to give the plaintiff's lawyer an opportunity to review the motion and consider whether he wanted the court to rule or whether he wanted to consider other options. The court also observed that the *pro se* motion to reopen discovery (Dkt. No. 89) differed from the motion counsel filed (Dkt. No. 110)—the *pro se* motion asked for documents that the plaintiff indicated he

1

hadn't realized he'd need until he'd received a first round of discovery, while counsel's motion asked to reopen discovery to take depositions. The court asked whether the parties needed another phase of discovery, now that the plaintiff had a lawyer on board.

The parties agreed that the court should set new scheduling deadlines.

The court **DEFERS RULING** on the plaintiff's motion to compel discovery. Dkt. No. 78.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to reopen discovery for the purpose of obtaining additional documentary evidence; the plaintiff may renew this motion if he cannot obtain the documents he needs during the extended discovery period. Dkt. n. 89.

The court **DENIES AS MOOT** the plaintiff's motion for leave to use depositions from other cases. Dkt. No. 90.

The court **GRANTS** the plaintiff's motion open discovery and allow plaintiff's counsel an opportunity to take depositions of defendants and others. Dkt. No. 110.

The court **ORDERS** that the parties shall complete all discovery no later than October 31, 2019.

The court **ORDERS** that the plaintiff shall disclose the identities of his expert witnesses, along with reports and supporting documentation, no later than October 31, 2019.

The court **ORDERS** that the defendants shall disclose the identities of their expert witnesses, along with reports and supporting documentation, no later than January 3, 2020.

The court **ORDERS** that the parties must appear for a status conference on January 23, 2020 at 9:30 a.m. by telephone. Parties wishing to appear by phone may do so by calling the court's conference line at 888-557-8511 and using the access code 4893665#.

Dated in Milwaukee, Wisconsin this 13th day of June, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**