UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERPAUL D. SPENCER,

    Plaintiff,

v.                                    Case No. 16-cv-662-pp

EDWARD A. FLYNN, MICHAEL VAGNINI,
JACOB KNIGHT, JEFFREY KLINE,
PAUL MARTINEZ, GREGORY M. KUSPA,
JESSE BUSHARDT, MICHAEL VALUCH,
and KEITH GARLAND,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 78) AND SETTING DEADLINE FOR DISPOSITIVE MOTIONS**

---

    Representing himself, the plaintiff filed this case on June 6, 2016. Dkt. No. 1. He worked hard to represent himself; there was a lot of litigation.

    On November 8, 2018, counsel filed an appearance for the plaintiff. Dkt. No. 95. The court held a status conference on February 5, 2019, noting that the plaintiff had filed three motions prior to counsel joining the case, and that it had begun drafting an order ruling on those motions. Dkt. No. 102. The parties told the court, however, that they had agreed to participate in mediation, and plaintiff's counsel told the court that it need not rule on the pending motions until after mediation, and until after he'd had a chance to review the motions (counsel speculated he might be able to narrow the scope of

1

the motions, or withdraw some). Id. The court agreed to refer the case for mediation. Id.

On May 15, 2019, Magistrate Judge Duffin reported that the parties had not been able to settle through mediation. Dkt. No. 109. That same day, the plaintiff's lawyer filed an expedited motion to open discovery and allow him to depose witnesses. Dkt. No. 110. The motion indicated that counsel recognized that discovery had closed and would agree to limit depositions to four hours or less. Id. at 2.

The court held a hearing on June 13, 2019. Dkt. No. 113. The court again raised the fact that the plaintiff, before counsel came on board, had filed three motions, which the court had not ruled on because the parties wanted to mediate. Id. at 1. The court again asked whether plaintiff's counsel needed the court to rule on the motions. Counsel responded that the motion to use depositions from other cases (Dkt. No. 90) was moot, and that his new motion to reopen discovery had mooted the plaintiff's *pro se* request for the same relief (Dkt. No. 89). Id. That left only the plaintiff's *pro se* motion to compel, at Dkt. No. 78. The court told the parties that it had a draft order ruling on that motion, but that it would give plaintiff's counsel an opportunity to review the motion and determine whether he wanted the court to rule or whether he wanted to consider other options. Id. The court also observed that the plaintiff's motion to reopen discovery (Dkt. No. 89) asked for documentary discovery, while counsel's motion (Dkt. No. 110) asked to take depositions. Id. at 1-2.

The upshot of all this was that the parties agreed to the court setting a new schedule. Id. at 2. The court deferred ruling on the plaintiff's *pro se* motion to compel (Dkt. No. 78), denied the other two *pro se* motions as moot (Dkt. Nos. 89, 90), granted counsel's motion to reopen discovery (Dkt. No. 110) and set a new schedule. Id. That schedule required the parties to complete discovery by October 31, 2019 (four and a half months out); to disclose the plaintiff's experts by October 31, 2019; to disclose defense experts by January 3, 2020; and to appear for a status conference on January 23, 2020. Id.

On January 16, 2020, the court cancelled the January 23, 2020 status conference because it would be in trial that week; it ordered the parties to submit a joint status report advising the court of the status of the case and outlining next steps. Dkt. No. 114. The parties filed that joint status report on January 23, 2020. Dkt. No. 115.

The plaintiff's portion of the report indicates that the plaintiff wants to conduct "several additional depositions," including one of the defendants, "one or two" doctors who were present at the hospital when the plaintiff's stomach was pumped, and "a still unidentified female police officer who relieved two of the defendants at the hospital." Id. at 1. The report indicates that plaintiff's counsel believes this can be accomplished in "60 days or so." Id.

Defense counsel "vigorously" opposes the request. Id. Counsel notes that plaintiff's counsel requested additional time for discovery at the scheduling conference the court held on June 13, 2019. Dkt. No. 113. The court granted the request and permitted the parties to conduct discovery through October 31,

3

2019. Id. The defendants assert that plaintiff's counsel could have conducted the depositions during that time. Id. Defense counsel also notes that she contacted plaintiff's counsel by email before the deadline for completing discovery to schedule the deposition of defendant Kuspa "and never heard back from [plaintiff's counsel]." Id. at 2. Defense counsel asks the court to set a dispositive motion deadline. Id.

The original deadline for completing discovery was February 1, 2017. Dkt. No. 27. Judge Charles N. Clevert, Jr., to whom the case previously was assigned, granted the plaintiff's motion to extend that deadline by sixty days. Text Only Order, January 26, 2017. On March 7, 2018, this court denied the plaintiff's motion to further extend the discovery deadline. Dkt. No. 74. Six months after entering his appearance in this case, the plaintiff's counsel asked to reopen discovery "to conduct a deposition of the named defendants" and "any of the medical staff at Columbia St. Mary's Hospital." Dkt. No. 110 at 1. The court gave counsel over four months to do that, and the deadline for completing that discovery expired three months ago. Dkt. No. 113. The plaintiff did not ask for an extension of the October 31, 2019 deadline before it passed. Had the court not been in trial on January 23, 2020, it would have expected to discuss either dispositive motions deadlines or trial dates with the parties. The court will not allow further discovery.

Plaintiff's counsel has had just shy of a year—since the status conference on February 5, 2019—to review the *pro se* motion to compel discovery and

4

decide whether to withdraw it or have the court rule. He's not withdrawn it or asked the court to rule. The court will deny the motion without prejudice.

The court sets dates for dispositive motions below.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's *pro se* motion to compel. Dkt. No. 78.

The court **ORDERS** that any party wishing to file a dispositive motion must do so by the end of the day on **March 6, 2020**. The response and reply deadlines in Civil L.R. 56 will apply.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**