## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Jerpaul D. Spencer,

        Plaintiff,

v.

                                           Case No. 16-C-0662

Ed Flynn, Michael Vagnini, Jacob Knight,
Jeffrey Kline [sic] Paul Martinez, Gregory Kuspa,
Jesse Busshardt, Michael Valuch,
and Keith Garland,

        Defendants.

## DEFENDANTS' PROPOSED FINDINGS OF FACT

      Defendants, Ed Flynn, Michael Vagnini, Jacob Knight, Jeffrey Cline,[1] Paul

Martinez, Gregory Kuspa, Jesse Busshardt, Michael Valuch, and Keith Garland, through

their counsel, Grant F. Langley, City Attorney, by Naomi E. Gehling, Assistant City

Attorney, hereby submit, pursuant to Civil L. R. 56(b)(1)(C), the following proposed

facts in support of their Motion for Partial Summary Judgment.

      1.      Plaintiff's Complaint is devoid of any allegation of personal involvement

on the part of Defendant Jesse Busshardt. (Pl's Compl. ECF No. 1)

      2.      The only allegation Plaintiff levied against Defendant Busshardt in his

deposition is that Defendant Busshardt authored some police reports. (Spencer Dep.

29:1-7 and 214:24-25, attached as Ex. 1to Gehling Decl.)

---

[1] Plaintiff incorrectly spelled Officer Cline's last name in his Complaint. Defendants will use the correct spelling of his name in their pleadings, but keep the misspelling in the caption as that is how is appears on the Court's docket.

3.      Plaintiff admitted that Defendant Busshardt was not present when he was arrested and searched.  (Spencer Dep. 29:4-7, attached as Ex. 1 to Gehling Decl.)

4.      Additionally, Plaintiff admitted that he has never even seen/met Defendant Busshardt.  (Spencer Dep. 214:20-215:2, attached as Ex. 1 to Gehling Decl.)

5.      Plaintiff's deposition testimony completely lacked any allegation of personal involvement by Defendant Flynn.  (Spencer Dep., attached as Ex. 1 to Gehling Decl.)

6.      Plaintiff's deposition testimony equally failed to mention any agreement, meeting of the minds, or even conversation between Defendant Vagnini and any other defendant.  (Spencer Dep., attached as Ex. 1 to Gehling Decl.)

7.      The City of Milwaukee Police Department has established policies and procedures and Standard Operating Procedures (SOP's) for various issues including how to conduct proper searches of individuals.  (Flynn Aff. ¶ 8, attached as Ex. 2 to Gehling Decl.)

8.      As Chief of Police, Defendant Flynn was responsible and accountable for the overall governance, leadership, performance, efficiency, and general good conduct of the department. He was not involved in nor did he have knowledge of all complaints, disciplinary issues or the specific day to day operations or activities of each officer or supervisor.  (Flynn Aff. ¶ 15, attached as Ex. 2 to Gehling Decl.)

9.      Prior to March of 2012, Defendant Flynn was not informed and was not aware that there may have been incidents where individuals claimed to have been improperly searched.  (Flynn Aff. ¶ 16, attached as Ex. 2 to Gehling Decl.)

10.     Prior to March of 2012, Defendant Flynn was not aware of any incident or provided any information which would have suggested or alerted me that Milwaukee Police Officers did not understand the Department policies or the Wisconsin law relating to searches of individuals and that additional training was needed.  (Flynn Aff. ¶ 17, attached as Ex. 2 to Gehling Decl.)

11.     Prior to December 21, 2011 and while Defendant Flynn was Chief of Police, he never witnessed any inappropriate or illegal strip search, cavity search or pat down.  He had never seen a City of Milwaukee Police Officer search someone by sticking their hand in a suspect's underwear as part of a pat down search.  (Flynn Aff. ¶ 18, attached as Ex. 2 to Gehling Decl.)

12.     As Chief of Police, prior to March of 2012, Defendant Flynn was never informed by supervisors or other officers that individuals were being searched in an improper manner. Nor was he informed, prior to December 21, 2011, of any incident which would have led him to believe that Officers needed additional training as to how to conduct a proper search, that officers were not being properly supervised or that officers were not being disciplined when such discipline was warranted.  (Flynn Aff. ¶ 19, attached as Ex. 2 to Gehling Decl.)

13.     Prior to 2012, only two (2) search and seizure complaints had been filed against Defendant Vagnini.  (Salazar Aff. ¶5-7, attached as Ex. 3 to Gehling Decl.)

14.     An MPD review of Defendant Vagnini's internal affairs records indicated that in 2010, an allegation had been raised against Officer Vagnini by L.R. That matter had been investigated, and the Lieutenant who was then a supervisor for the Internal

Affairs Division determined that the allegations raised were "unsubstantiated." (Salazar Aff. ¶6, attached as Ex. 3 to Gehling Decl.)

15.     The review of Officer Vagnini's records also revealed a similar complaint filed against him in 2011 by M.T. That allegation was investigated, and ultimately, it was referred to the Office of the Milwaukee County District Attorney for prosecutorial review. The District Attorney's Office declined to prosecute any criminal charges against Officer Vagnini, relative to the allegations raised by M.T. (Salazar Aff. ¶7, attached as Ex. 3 to Gehling Decl.)

16.     It is Salazar's understanding that M.T. died after the matter had been referred to the Office of the Milwaukee County District Attorney. In any event, no further review or response was provided by the Milwaukee Police Department, relative to complainant M.T. (Salazar Aff. ¶8, attached as Ex. 3 to Gehling Decl.)

Dated at Milwaukee, Wisconsin this 13th day of March, 2020.

GRANT F. LANGLEY
City Attorney


s/ Naomi E. Gehling
NAOMI E. GEHLING
Assistant City Attorney
State Bar No. 1061388
Attorneys for Defendants

800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Email: ngehli@milwaukee.gov